The first case we'll hear is United States v. Cole, and Mr. Gordon, you're ready. May it please the Court, Joshua Cole is asking this Court to vacate the order of the District Court denying his motion for a two-level reduction of sentence under the Fair Sentencing Act. As we say in our brief, we recognize that the hill is steep here that we're climbing, that the District Court has a very broad range of discretion to either grant or deny the motion. But nonetheless, the standard for this Court is still to review for an abuse of that How specifically did he abuse his discretion? Your Honor, I think the problem with this case, to get right to the nut of it, is that the District Court, from the order that it entered, appears to have frozen Mr. Cole at the time of his sentencing and to have considered him only as of four years earlier. So the point is, you don't like the way he sentenced him, but where's the abuse of discretion there? It's not measured by result, do you think? Well, we're not talking about the sentence, we're talking about the denial of his motion under the Fair Sentencing Act to reduce it. But isn't that based on what the sentence is? So you'd have been completely happy if he said, I grant you a motion, but give you the exact same sentence? You care about the numbers, don't you, in the sentence? Well, of course we care about the numbers. Okay, so I'm saying, and so you measure that his abuse of discretion is measured by what, the numbers didn't go down? No, actually not. I believe, again, that... I'm not asking what the law is, I'm asking, we know what the standard is, I'm asking, how do you measure? Tell me what you think, how do we know there was an abuse of discretion in the case? Well, I think we know there was an abuse of discretion in this case if the court accepts my position that if the court is going to give an explanation for why it has denied the motion, that it must show in that motion that it is considered factors that have occurred since the sentencing hearing, because things had occurred since the sentencing hearing in this case that were relevant under Section 3553A. Didn't the court say he'd listened to arguments and read the record and understood the facts and he thought this is where he should be? He did, but the order doesn't address... So you think he has to specifically address issues that you raised? No, I don't think I can make that argument, I don't agree, but what I am saying is that if the court is going to give reasons for denying the motion, and if those reasons, Fleck, that the court did not consider or did not address, what are important factors? I know that, but how would we know that? You would say, tell me what you would have it be, that he would say, I listened to 1, 2, and 3, and I deny 1, 2, and 3? I mean, how would we know that? Didn't this judge say he looked at the record, he listened to arguments, he considered it, and still, this is the appropriate sentence? He did say that. He did not state, though, that... Well, that's what I'm asking. Yes, sir. You think he would have to state it in some specificity to address every issue that you would want the court to address? What test would you have us apply? Well, I think if you're going... the test I would have you apply is if the court is going to give reasons. And again, I think under LaGrie, I can't stand here and argue that the court has to. But if the court is going to give reasons, it must reflect that the court has considered factors that are very important that have occurred since the sentencing hearing. In this case, there were two very important factors. One, that Mr. Cole had amassed a prison record, both good and bad, but there was good for the court to consider. And the second is the Fair Sentencing Act and the judge of both the Sentencing Commission and Congress about the discriminatory impact that the crack lawsuit had. That's a very important fact that was not available at the original sentencing hearing. In fact, the judge at the original sentencing hearing denied a request to apply a lower ratio and said, no, I'm applying the 101 standard because that's what the guidelines call for today. But he did get a significant downward departure, correct? He did. Forty percent? He did, but he also did some significant cooperation, put his life at risk doing some controlled deals. Mr. Gordon, what concerns me about your argument that the judge has to take note of post-sentencing conduct if he's giving reasons is the commentary to the guidelines that says the court may consider post-sentencing conduct, may consider and not shall consider. So the court doesn't even have to consider it. So why would the court have to articulate its view of the post-sentencing conduct if under the commentary to the guidelines, the court doesn't even have to consider the post-sentencing? Well, I think, Judge Keenan, I think my argument is that if a district court can't abuse its discretion in a matter like this, how does it do it? And I would argue that one way a court does it is by effectively denying a motion on the basis of who somebody was four years earlier. Right. But do you agree that the court is not even required to consider post-sentencing conduct? Under the guideline, that's correct. It says may. It does not say shall. Okay. It does not say shall. But again, my argument is. So what about this case makes it so unique? I think. That it would come into abuse of discretion when the guideline says that they don't even have to consider the conduct at all. I think it is an abuse of discretion to say I'm going to deny this motion simply because I concluded four years earlier that this man is nothing more than a violent drug dealer. What were the crimes of violence in his record? I'm sorry? What were the crimes of violence? There were a couple of breaking and enterings, which at the time. And there was a flee to elude. I'm trying to remember if there was something else. But there were breaking and enterings and fleeing to elude. So, I mean, for the court to say this man four years earlier was a drug dealer, always is a drug dealer, if it ever comes up before me to reduce a sentence, I'm not because he was this way four years ago. I think that's an abuse of discretion. And that's what we would ask the court to look at. Again, I realize it's a. You think the abuse of discretion is not considering it or not commenting on it if it is considered? I think what I'm saying is. Which of those is it? Not considering it, which I think you said agreed in the answer to the question to Judge Keenan, it doesn't have to consider it. Correct. So your argument is, it's no abuse of discretion if he doesn't consider it. But if he decides to consider it and isn't specific enough, that is an abuse of discretion. Well, I think Judge Shedd, what I'm saying is that the judge does not have to consider it. But if the judge is going to say, I'm going to deny the motion because of who you were four years ago, I think there should be some reflection. Wait, wait, wait. That's what this judge said. The order talks. No, no, no, Your Honor. No, Your Honor. But I think that's the import of the order is that this is what I said at the original sentencing hearing. I said 174 months as an alternative sentence. So stop for a second. So your answer to Judge Keenan then would be, if the judge said something about you four years ago and something has changed, then considering that post-sentencing factor is no longer discretionary but it's mandatory? That's where your argument takes us. If it takes us there, it takes us there. Well, I'm asking you, doesn't it take us there? I guess it does. So, in other words, your argument turns the commentary into mandatory. No, I think what I'm saying is the court— Wait, no, wait. Why doesn't it? I think the court has to say something to show that it's sentencing the person today because it can't be irrelevant. All right. No, stop right there. How do you do that without commenting on what's happened post-sentencing? You're talking about in terms of conduct because there's also, again, the other argument here is that there was the action by Congress and the Sentencing Commission to lower the crack rate. Yes, I'm talking about individual conduct. Aren't you arguing about that? You said you didn't sentence your client based on who he was at the time of this motion. He treated him as he knew him four years ago. And I'm saying to you that suggests to me that you, and I think you agreed, you're turning that discretionary may into a shall consider the conduct. Isn't that what your argument does? If that's where the argument is going. I'm not asking you if that's where the argument is going. You're making the argument. I'm asking isn't that what you are then suggesting? Yes. And what, but, Judge. By the way, let me say, that's a fair answer. I think you're right. It is yes. And you can explain why you think so. But I think it does make it mandatory. What I'm asking this court is somehow there is a way to abuse discretion in these. And what I would argue happened here is that to consider him only at the time of the sentencing hearing was an abuse of discretion. Now, if that means that he must therefore consider what's happened since then, so be it. But again, I think the court. But the judge said in this case, at this time, I've considered the entire record. Yes, sir. That's what the judge said. Yes, sir. So we presume the judge is not telling the truth? No. I would never suggest that. So then he did consider what you raised with him. Do we presume that? Well, the order, my argument would be the order does not reflect that. Yes, it does. I have considered the entire record. But the rest of the order focuses on four years earlier. And that I think is the point. So, I'm just asking you. Yes, sir. I'm trying to understand your argument. You're suggesting when the court says on this motion, I've considered the entire record, the court is not telling the truth? No, no, no. I would never suggest that about the court. Okay. So if that's the case, then you would say he considered everything in the record. That's what he said. He did. He did. And that, what does that mean to you when the court says I've considered the entire record? You said he's not, and by the way, you know the law, we presume when a judge sentences, the judge says, we presume the judge has considered the entire record unless there's something to the contrary. So he gives that presumption. Yes, sir. Plus he said it. So when he says it, what are we to do with the record review for abuse of discretion when the judge said I've looked at the entire record? Not believe him? No, I would not suggest you don't believe him. I think it may be fair to argue based on the tone of the order that perhaps he didn't consider it adequately. Okay. I would perhaps go that far. Okay. And again, I do not want to... Measure that from the result? From the order, from the words of the order. What Judge Shedd quoted was... No, he said your argument for abuse is he considered it but didn't consider it adequately. How do we measure that? I think by reading the order. I think that's a fair inference from the tone of the order. Then that would require him to lay everything out in the order, all his mental thoughts. No, I think it requires that if the court is going to rely on one reason to deny a motion, that it reflect that it considered everything that was relevant that happened since then. And again, I don't want to de-emphasize the importance of the action by Congress and the Sentencing Commission. It is a critical consideration. The court has to consider the guidelines. And when does the court have to consider the guidelines? The court has to consider it at the time of the 3582C motion. And so again, I think a fair reading of this order is that the court focused on four years earlier and did not adequately consider either the Fair Sentencing Act or the fact that four years had passed since the sentencing hearing. Are there no further questions? Sometimes, by the way, in these sentencing questions, the lawyers face with a pretty difficult hill, like you said, when you started out. It might be why I began with that, Your Honor. I know. All right. Thank you, Mr. Gordon. Mr. Rubin. Good morning. May it please the Court. My name is Phil Rubin, and I represent the United States. I'd like to just briefly address a couple of points raised by Mr. Gordon because I think the argument that he makes can't be reconciled with either the sentencing guidelines commentary or the actual text of the district court's order in this case. And going to your point, Judge Keenan, about the guidelines commentary, it does say that the district court may consider post-sentencing conduct. And that phrasing, I think, becomes even more important when we put it in context. It lists three sets of criteria for the district court to consider. It says the court shall consider the 3553A factors, shall consider the possible effect on public safety of releasing the defendant early, and then it says may consider post-sentencing conduct. And we know from countless cases that two shalls and a may is significant. So you're trying to make the point to us that the commission knows what the word may means? I think it does, Your Honor. And I think it's actually with that specific topic, there's good reason to think that the commission would have wanted to say that on purpose. Mr. Gordon concedes that. I don't think you need to hammer that home, do you? I think it's important. We accept the fact that may is discretionary, and so does Mr. Gordon. And I don't think it advances it any further for you to argue it, does it? I certainly understand. I won't belabor it, Your Honor. I only bring it to say that – But yet you continue to argue it. I think it makes it impossible for the district court to have abused its discretion by not discussing it. And I think that was a separate point Mr. Gordon was making. And so I think that means the district court is free to choose not to even address post-sentencing conduct, even if it addresses other conduct in a detailed order like the court did here. And the other point that I would address is what the court actually said in its order. As Judge Shedd, you mentioned the court said it reviewed the entire record. Then the court reviewed the entire record, and it talked about it cited to the sentencing transcript, it cited to the PSR. Then it said that it still believed, as it did on May 1, 2010, that this was the sentence that was appropriate under the 3553 factors. Mr. Gordon says that that wasn't looking at the last four years of the conduct, but the court said it still believed today, the time it issued the order, that the factors were still supporting a sentence of 174 months. And so in our view, that shows that the district court was considering that, and we know that because it said so. We know because this court presumes it does as well. And with that, I'd be happy to take any questions that the court has. All right. Thank you, Mr. Ruth. Thank you. Mr. Gordon. Again, discretion can be abused in these matters, too. Again, Mr. Cole would simply submit to the court that if the judge does lay out reasons, fairness dictates that it address the whole question, and that it's an abuse of discretion to look at only one side of it. We would ask that the court vacate the order. If the court has no further questions, I will conclude. Thank you, Mr. Gordon. Thank you very much. We'll come down and greet counsel and then proceed on to the next case.
judges: Paul V. Niemeyer, Dennis W. Shedd, Barbara Milano Keenan